IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHENECQUA BUTT, ALLEGRA KING and TANYA MITCHELL | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION |
| v. | : | NO. 09-4285 (MMB) |
| | : | |
| UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA, CARPENTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY, EDWARD CORYELL and MARK DURCKLEC | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT BY DEFENDANTS

### I.    PROCEDURAL HISTORY AND RELEVANT FACTS

On September 21, 2009, Shenecqua Butt filed an action in the United States District Court in the Eastern District of Pennsylvania against the Metropolitan Regional Council of Carpenters, Southeastern Pennsylvania, State of Delaware and Eastern Shore of Maryland, United Brotherhood of Carpenters and Joiners of America[1] ("MRC"), Carpenters Health and Welfare Fund of Philadelphia and Vicinity ("Fund"), Edward Coryell ("Coryell") and Mark Durkalec[2] ("Durkalec," and together with MRC, Fund and Coryell, "Defendants.")

The following causes of actions were alleged: 1) gender discrimination (Title VII of the Civil Rights Act of 1964, against MRC and Fund only); 2) racial discrimination (Title VII of the Civil Rights Act of 1964, against MRC and Fund only); 3) retaliation (42 U.S.C. Section 1981

---

[1]    Incorrectly identified in the First Amended Complaint as United Brotherhood of Carpenters & Joiners of America.

and Title VII of the Civil Rights Act of 1964, against all Defendants); and 4) racial discrimination (42 U.S.C. Section 1981, against all Defendants.)

On November 4, 2009, a First Amended Complaint was filed in which additional Plaintiffs Allegra King ("King") and Tanya Mitchell ("Mitchell", and together with Butt and King, "Plaintiffs") were added as plaintiffs. With the exception of the addition of King and Mitchell as plaintiffs, the First Amended Complaint contains the same allegations as the original Complaint, as follows:[3]

Plaintiffs are African-American females hired by Defendants in or about 2003. (Complaint ¶¶13, 14).[4] From the time they completed their training through the present, Plaintiffs received their work assignments from Defendants Coryell and Durkalec. (Complaint ¶¶15, 16).

Plaintiffs, who worked as Journeymen, allege that they were discriminated against in receiving assignments due to their race and/or gender. (Complaint ¶¶17, 18). Such discrimination is evident by the fact that "males and non-black employees were given assignments before black female employees and were also given preferential assignments." (Complaint ¶20). As a consequence of such discriminatory practices, the Plaintiffs received substantially less work than other employees and suffered harm as a result thereof. (Complaint ¶21).

According to the First Amended Complaint, Defendant management employees made discriminatory comments about women working as carpenters. (Complaint ¶19). Plaintiffs further allege that after lodging formal and informal complaints about the discrimination, they

---

[2]     Incorrectly identified in the First Amended Complaint as "Durcklec."
[3]     For purposes of this Motion to Dismiss, Plaintiff's pleaded facts are accepted as true. *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Defendants do not, however, admit the accuracy of those facts and specifically reserve their right to oppose these facts in pleadings, subsequent dispositive motions, and at time of trial.

were given less work hours. (Complaint ¶22).

## II.   ARGUMENT

### A.   Standard of Review

A complaint or portion thereof may be dismissed by the Court under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b); Elliott v. State Farm Mutual Auto Insurance Co., 786 F. Supp. 487, 489 (E.D. Pa. 1992).

On a Rule 12(b) motion to dismiss, a complaint must state factual allegations that, if taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal, et al.*, 129 S.Ct. 1937, 1949, 55 U.S. ___ (2009). A complaint is insufficient wherein it alleges "mere elements of a cause of action.        [I]nstead 'a complaint must allege facts suggestive of [the proscribed] conduct." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 563 n.8). A claimant must demonstrate, through the presentation of facts, that the right to relief is more than speculative. *Twombly*, 550 U.S. at 555. Where a complaint fails to identify more than conclusory allegations, such allegations are "not entitled to be assumed true", Iqbal, 129 S.Ct. at 1940, and the court "need not credit a complaint's bald assertions or legal conclusions . . . ." *Hunt v. United States Tobacco Co.*, 538 F.3d 217, 227 (3d Cir. 2008) (internal quotations omitted).

### B.   Plaintiffs' Claims Must be Dismissed For Failure to State a Claim Upon Which Relief Can be Granted.

#### 1.   *Plaintiffs Have Failed to Articulate any Specific Claims Against the Fund Upon Which Relief can be Granted.*

Plaintiffs have improperly identified the Fund as a defendant in this action. Not one of the scant allegations concerning the Fund meet the requirement of "plausibility" reiterated by the United States Supreme Court in *Twombly*, 550 U.S. at 570. Plaintiffs here have failed to assert

---

[4]   Citation to the First Amended Complaint shall be designated as (Complaint ¶___).

any claim against the Fund which is plausible on its face, and thus, upon which relief can be granted.

Plaintiffs identify the MRC as a "labor organization that hires, trains, arranges for pay, and subcontracts employees to companies to perform labor and construction services." (Complaint ¶7). In an identical manner, the Fund is described as a "labor organization that hires, trains, arranges for pay, and subcontracts employees to companies to perform labor and construction services" and which is "a unit of Defendant Brotherhood." (Complaint ¶8).

In a transparent effort to overcome the deficiency of their pleadings, Plaintiffs assert the following: "Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendant Entities [MRC and Fund] are sufficiently interrelated an integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action." (Complaint ¶9).

Consideration of the nature of the two entities reveals that Plaintiffs' attempt to broadly encompass both organizations under the reach of its claims is rooted in nothing more than speculation and supposition.

MRC is an unincorporated association commonly referred to as a labor union. It is an employee organization which represents, for the purposes of collective bargaining, employees in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 152(5),(6) and (7), 185(a) and 1002(4), (11) and (12).[5]

Alternatively, and notwithstanding Plaintiffs erroneous claim that the Fund is a "labor

---

[5]   *See NLRB v. Metropolitan Regional Council of Carpenters*, No. 07 Civ.4679, slip. op., 2009 WL 612552 (3d Cir. March 11, 2009); *Ernest DiSabatino and Sons, Inc. v. Metropolitan Regional Council*, No. 04 Civ. 187, 2009 WL 885165 (D.Del Feb. 28, 2005).

organization," the Fund is a trust fund established under 29 U.S.C. §186(c)(5) and

"multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §1002(37),

(1), (2) and (3).[6] It is not, by function of law, a "labor organization."

It is without question that MRC and the Fund are separate and distinct legal entities,

functioning autonomously and free from control by the other.  While MRC is a "traditional"

labor organization, the Fund is a funded by a trust fund comprised of employer contributions and

administered pursuant to Section 302 of the Labor Management Relations Act, 29 U.S.C. §

186(c)(5).

Plaintiffs' Complaint contains absolutely no specific allegations regarding conduct or

omissions on the part of the Fund, let alone conduct evidencing discrimination.  Rather, the only

allegations of discriminatory conduct concern defendants Coryell and Durkalec, whom Plaintiffs

aver are "managerial employees" of both the MRC and the Fund.[7] (Complaint ¶11).

---

[6]  See *Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al v. Aesthetic Cabinetry, Inc.* (Civil Action No. 08-1104); *Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al v. Art Guild Inc. of Philadelphia* (Civil Action No. 09-00525); *Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al v. Atlantic Development Co., et al* (Civil Action No.: 08-4332); *Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al v. Artisan Display, Inc., et al* (Civil Action No. 08-5235); *Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al v. Base Manufacturing, Inc* . (Civil Action No. 08-444); *Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al v. Bentwood Construction Co., Inc.* (Civil Action No. 07-4223); *Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al v. Cape Atlantic Piling & General Contracting, Inc.* (Civil Action No. 08-2992); *Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al v. CIC Experts, LLC* (Civil Action No.: 09-872); *Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al v. Chester Woodworking Technologies, Inc.* (Civil Action No. 07-4717); *Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al v. Dougherty Electric , Inc., et al.* (Civil Action 07-0915); *Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al v. Empire Builders Construction Management, LLC, et al* (Civil Action No. 07-3381); *Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al v. Fleck's Carpet, et al* (Civil Action No. 07-4669); *Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al v. Scott Swartz Raised Floors* (Civil Action No. 07-0084); *Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al v. Harrison's Restoration and Renovation, Inc.* (Civil Action No. 07-4558); *Carpenters Health and Welfare Fund of Philadelphia and Vicinity et al v. North Shore Drywall, L.L.C.* (Civil Action No. 07-5390); *Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al v. Pro Move & Install, et al.* (Civil Action No.: 08-4727); *Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al v. Rolling Door Installers* (Civil Action No. 07-556); *Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al v. Silica Builders and Construction Management, LLC* (Civil Action No. 09-587).

[7]      A fact assumed to be true only for purposes of this Motion to Dismiss.

5

Assuming, *arguendo*, that the discriminatory work assignments did take place, this conduct could only have been performed by Coryell or Dukalec in their capacities as agents of the MRC, not an employee benefit plan. In an effort to overcome this apparent shortcoming, Plaintiffs aver in paragraph nine of the First Amended Complaint:

> Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendant Entities [MRC and Fund] are sufficiently interrelated an integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

(Complaint ¶9).

These allegations are not only vague and conclusory, but are also contrary to the law. As previously noted, the Fund is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5). Alternatively, MRC is an employee organization which represents, for the purposes of collective bargaining, employees in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 152(5),(6) and (7), 185(a) and 1002(4), (11) and (12).

The law is clear that such funds are separate and distinct legal entities from the unions, and the power to administer funds is vested solely in the trustees. *See NLRB v. Amax Coal Co.* 453 U.S. 322 (1981); *Huge v. Overly*, 445 F.Supp. 946, 947 (W.D.Pa. 1978).

A Complaint containing only vague and conclusory allegations will not proceed beyond a 12(b)(6) motion. *Hunt*, 538 F.3d at 227. The factual allegations must be sufficient to make a claim for relief that is more than just speculative. *Bell Atlantic*, 550 U.S. at 555. The Complaint here contains no such specific allegations against the Fund. Instead, Plaintiffs base the entirety of their claims against the Fund under the failed assumption that the MRC's conduct should be imputed upon it.

Plaintiffs claims of "interrelated" and "integrated" activities, labor relations, ownership and management between the MRC and the Fund are no more than bald assertions and conclusory allegations which are not entitled to be deemed true. *Iqbal*, 129 S.Ct. at 1940.

The assertions concerning the Fund as contained in the First Amended Complaint are not only factually and legally incorrect, but for purposes of this motion, fail to state a claim upon which relief against the Fund can be granted.

2.   *Plaintiffs Have Not Established a Prima facie Case of Discrimination Against any of the Defendants, as it has not Been Shown That They Were Qualified for the Work Opportunities That They Were Allegedly Denied.*

A.   **Counts One and Two, Alleging Gender Discrimination and Racial Discrimination Under Title VII, Must be Dismissed.**

A plaintiff establishes a prima facie case of discrimination if she shows 1) she belongs to a racial minority; 2) she applied and was qualified for a job for which the employer was seeking applicants; 3) despite her qualifications, she was rejected; 4) after her rejection, the position remained open and the employer continued to seek applications from persons of the complainant's qualifications, giving rise to an inference of discrimination. *Kroptavich v. Pa. Power and Light*, 795 A.2d 1048, 1056 (Pa. Super 2002) *citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 n. 13 (1973).

In this case, all Plaintiffs fail to plead that they were qualified for any of the positions for which they were denied work opportunities. Thus, it cannot be established, even at a prima facie level, whether the disparate assignment practices alleged were the result of discrimination or simply a lack of the requisite skills and qualifications by the Plaintiffs. Accordingly, they fail to make out claims for either gender or race discrimination under Title VII, and their claims must be dismissed.

7

### B.      Count Four Under Section 1981 Must be Dismissed

Section 1981 discrimination claims are analyzed using the *McDonnell Douglas* burden

shifting test normally used in Title VII cases. *Gilbert v. Philadelphia Media Holdings, LLC*, 564

F.Supp.2d 429, 433 (E.D. Pa. 2008) *citing Pamintuan v. Nanticoke Memorial Hosp.*, 192 F.3d

378, 385 (3d Cir. 1999). Under this test, a plaintiff must produce a *prima facie* case of

discrimination in a manner similar to Title VII claims, introducing evidence that she was

discriminated against because she belonged to a protected class. *Pamintuan* at 385.

Again, because Plaintiffs fail to plead that they were qualified for any jobs they claim

they did not receive, they have failed to make out a prima facie case under Section 1981, and

their claim should be dismissed.

### 3.      *Plaintiffs Have Failed to State a Claim of Retaliation Under Either Title VII or Section 1981.*

To establish a prima facie case of retaliation under Title VII, a plaintiff must show that 1)

she engaged in a protected activity under Title VII; 2) the employer took an adverse action

against her; and 3) there was a causal connection between the employee's participation in the

protected activity and the adverse employment action. *Wilkerson v. New Media Technology*

*Charter School*, 522 F.3d 315, 320 (3d Cir. 2008) *citing Moore v. City of Philadelphia*, 461 F.3d

331, 341-41 (3d Cir. 2006).    Protected activity includes not only formal charges of

discrimination, but also informal protests of discriminatory employment practices, including

making comments to management. *Barber v, CSX Distribution Servs.* 68 F.3d 694, 701-702 (3d

Cir. 1995).

In the Third Circuit, for a plaintiff to establish the second prong of a prima facie case of

retaliation, she must demonstrate that an employment action taken against her is, objectively, one

8

that a reasonable employee would find materially adverse, or might well dissuade a reasonable worker from making or supporting a charge of discrimination. *Meyer v. Nicholson*, 441 F.Supp.2d 735, 741 (W.D.Pa 2006) *citing Burlington Northern & Santa Fe Railway Co. v. White*, 126 S.Ct. 2405, 2414 (2006). The adversity must be material, as to distinguish between significant and trivial harms. *Id.*

In this case, Plaintiffs charge that they "were given even less hours as a result of their complaints." (Complaint ¶22). This lone allegation is insufficient to meet either the second or third prong of the standard noted above.

Plaintiffs' entire theory of liability is premised upon the assertion that "males and non-black employees were given assignments before black female employees and were given preferential assignments." (Complaint ¶20). Consequently, from the facts alleged, it is impossible to ascertain whether the assignment of "even less hours" was actually an adverse action, or rather, an extension of the alleged initial and ongoing discriminatory conduct.

Moreover, even if an adverse action is alleged, there is no legally sufficient establishment of a causal connection between Plaintiffs receiving inadequate work hours and then receiving "even less hours." The averments contained in the First Amended Complaint are too vague and conclusory to establish any discernable separation between any adverse action and the overriding discriminatory course of conduct alleged that would satisfy a prima facie case for retaliation under Title VII.

Section 1981 retaliation claims are analyzed similarly to Title VII retaliation claims. *Gilbert v. Philadelphia Media Holdings, LLC*, 564 F.Supp.2d 429, 439 (E.D. Pa. 2008) *citing Cardenas v. Massey*, 269 F.3d 251, 283 (3d Cir. 2001). Thus, this claim succeeds or fails together with the Title VII claim.

9

## III.   CONCLUSION

For the foregoing reasons, and pursuant to Fed. R. Civ. P. 12(b)(6), Defendant respectfully request that this honorable Court grant its Motion to Dismiss filed by Defendants Metropolitan Regional Council of Carpenters, Southeastern Pennsylvania, State of Delaware and Eastern Shore of Maryland, United Brotherhood of Carpenters and Joiners of America, Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Edward Coryell and Mark Durkalec and that the Court Dismiss Plaintiffs' Amended Complaint against the moving parties with prejudice.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY:   /s/ Marc L. Gelman
         MARC L. GELMAN (ID. NO. 78857)
         The Penn Mutual Towers, 16th Floor
         510 Walnut Street
         Philadelphia, PA  19106-3683
         (215) 351-0623

Date: February 19, 2010

## CERTIFICATE OF SERVICE

I, Marc L. Gelman, Esquire, hereby certify that the foregoing Motion to Dismiss and Memorandum of Law of Defendants to Plaintiff's First Amended Complaint was served by electronic mail through the CM/ECF systems, and by mailing same first class mail, postage pre-paid on the date listed below to:

Jeremy Cerruti, Esq.
Karpf, Karpf & Virant
3070 Bristol Pike
Building 2, Ste. 231
Bensalem, PA 19020

/s/Marc L. Gelman
MARC L. GELMAN, ESQUIRE

Dated: February 19, 2010

**THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED AND IS AVAILABLE FOR VIEWING AND DOWNLOADING FROM THE ECF SYSTEM**