IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHENECQUA BUTT | : | |
| and | : | CIVIL ACTION |
| ALLEGRA KING | : | No.: 09-4285 |
| and | : | |
| TANYA MITCHELL | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED BROTHERHOOD OF | : | |
| CARPENTERS & JOINERS OF | : | |
| AMERICA | : | |
| and | : | |
| CARPENTERS HEALTH & WELFARE | : | |
| FUND OF PHILADELPHIA & VICINITY | : | |
| and | : | |
| EDWARD CORYELL | : | |
| and | : | |
| MARK DURCKLEC | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

**AND NOW,** this _____ day of _____, 2010, after consideration of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Fed. Rule Civ. P. 12(b)(6) and Plaintiffs' Response in Opposition thereto, it is hereby **ORDERED** that Defendants' Motion is **DENIED**.

_____
The Honorable Michael M. Baylson

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHENECQUA BUTT | : | |
|     and | : | CIVIL ACTION |
| ALLEGRA KING | : | No.: 09-4285 |
|     and | : | |
| TANYA MITCHELL | : | |
| | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED BROTHERHOOD OF | : | |
| CARPENTERS & JOINERS OF | : | |
| AMERICA | : | |
|     and | : | |
| CARPENTERS HEALTH & WELFARE | : | |
| FUND OF PHILADELPHIA & VICINITY | : | |
|     and | : | |
| EDWARD CORYELL | : | |
|     and | : | |
| MARK DURCKLEC | : | |
| | : | |
|     Defendants. | : | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS THEIR
FIRST AMENDED COMPLAINT**

Plaintiffs Shenecqua Butt ("Plaintiff Butt"), Allegra King ("Plaintiff King") and Tanya Mitchell ("Plaintiff Mitchell"), through their undersigned counsel hereby respond to Defendants Metropolitan Regional Council of Carpenters, Southeastern Pennsylvania State of Delaware and Eastern Shore of Maryland, United Brotherhood of Carpenters and Joiners of America (Defendant MRC), Carpenters Health and Welfare Fund of Philadelphia and Vicinity (Defendant Fund), Edward Coryell (Defendant Coryell) and Mark Durkalec's (Defendant Durkalec) Motion to Dismiss their First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Because Plaintiffs' First

2

Amended Complaint properly asserts a valid claim under a federal law, Defendants' motion should be denied in its entirety.  In support of their response in opposition to Defendants' Motion, Plaintiffs aver as follows:

1.  Plaintiffs filed a First Amended Complaint on November 4, 2009 alleging violations by Defendants of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

2. Specifically, Plaintiffs assert that Defendants discriminated against them based on their race, gender and retaliated against them for complaining about discrimination.

3.  In support of their claims, Plaintiffs alleged specific facts that, if proved, establish the foregoing legal claims.

4. Plaintiffs' First Amended Complaint states legal claims upon which relief can be granted and therefore, it should not be dismissed.

5.  In further support of their opposition to Defendants' 12(b)(6) Motion, Plaintiffs hereby incorporate the arguments set forth in the accompanying Memorandum of Law.

                                               **KARPF, KARPF, VIRANT & SWARTZ**

                                               */s/ Jeremy M. Cerutti*
                                               Jeremy M. Cerutti, Esq.
                                               3070 Bristol Pike
                                               Building 2; Suite 231
                                               Bensalem, PA 19020
                                               Attorney for Plaintiffs
                                               215.639.0801

Dated: February 26, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHENECQUA BUTT | : | |
|     and | : | CIVIL ACTION |
| ALLEGRA KING | : | No.: 09-4285 |
|     and | : | |
| TANYA MITCHELL | : | |
| | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED BROTHERHOOD OF | : | |
| CARPENTERS & JOINERS OF | : | |
| AMERICA | : | |
|     and | : | |
| CARPENTERS HEALTH & WELFARE | : | |
| FUND OF PHILADELPHIA & VICINITY | : | |
|     and | : | |
| EDWARD CORYELL | : | |
|     and | : | |
| MARK DURCKLEC | : | |
| | : | |
|     Defendants. | : | |
| | : | |

## INTRODUCTION

Ms. Butt, Ms. King and Ms. Mitchell were hired by Defendants in or about 2003 and during their employment, they worked as journeymen. Plaintiffs are African-American females and throughout their employment with Defendants they were discriminated against based on their race and gender regarding their work assignments and retaliated against because they complained about discrimination.

## LEGAL ARGUMENT

### I. Standard of Review

When deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the

4

plaintiff. *See Warth v. Seldin,* 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir.1998).

### A. **12(b)(6) Standard**

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted ***"under any set of facts that could be proved consistent with the allegations,"*** a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

When deciding a 12(b)(6) motion, the issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support the claim. *Lake v. Arnold,* 112 F.3d 682, 688 (3d Cir.1997); *Niami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996). Thus, the Court should "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir. 2002), *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008). However, the Court need not credit conclusory allegations of law. *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.,* 836 F.2d 173, 179 (3d Cir.1988).

It is true that the pleading standard has changed slightly since *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).  However, the Third Circuit has revisited the pleading standard since *Twombly* and has determined that "under our reading [of *Twombly*], the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Phillips*, 515 F.3d at 233 (internal citations removed).  Put simply, "[t]he Supreme Court's *Twombly* formulation of the pleading standard can be summed up as follows: stating a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234 (internal citations removed).

When a 12(b)(6) motion is granted, a district court should not dismiss the civil action but instead provide the claimant at least one opportunity to amend the defective complaint.  However, when further amendment would be futile, an action or claim may be dismissed with prejudice and that plaintiff is barred from raising it again. *Heller v. Fulare,* 371 F.Supp.2d 743, 746 (W.D.Pa.2005) (*citing* Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed.2004)).

### II. Plaintiffs' First Amended Complaint states claims upon which relief can be granted and, as a result, Defendants' Motion must be denied.

#### A. Plaintiffs have alleged specific claims that, if proved, demonstrate that Defendant MRC and Defendant Fund are liable as a joint employer.

Title VII prohibits "employers" from discriminating against employees and applicants for employment. 42 U.S.C. § 2000e-2(a); 43 Pa. Stat. Ann. § 955(a). Title VII defines "employer"-with certain exceptions not relevant to this matter-as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b).

As the Third Circuit explained in *NLRB v. Browning-Ferris Industries of Pennsylvania,* a joint employment relationship may exist when "one employer while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer." 691 F.2d 1117, 1123 (3d Cir.1982). Unlike a "single employer" relationship, which may arise when "nominally separate entities are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a 'single employer,' " *id.* at 1122, " "a finding that companies are 'joint employers' assumes in the first instance that companies are ... independent legal entities that have merely 'historically chosen to handle jointly important aspects of their employer-employee relationship,' " *id.* (internal alteration omitted) (quoting *NLRB v. Checker Cab Co.,* 367 F.2d 692, 698 (6th Cir.1966)).

The Third Circuit has extended the "joint employer" theory of liability to the Title VII context. *Graves v. Lowery,* 117 F.3d 723, 727 (3d Cir.1997). As in the NLRA

7

context, a joint employer relationship may exist for the purposes of Title VII when "two entities exercise significant control over the same employees." *Id.* (citing *Browning-Ferris,* 691 F.2d at 1123). District courts in the Third Circuit have distilled the "joint employer" analysis to three factors:

> 1) [A]uthority to hire and fire employees, promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours;
>
> 2) day-to-day supervision of employees, including employee discipline; and
>
> 3) control of employee records, including payroll, insurance, taxes and the like.

*Butterbaugh v. Chertoff,* 479 F.Supp.2d 485, 494 (W.D.Pa.2007) (quoting *Cella v. Villanova Univ.,* No. 01-7181, 2003 U.S. Dist. LEXIS 2192, at *22 (E.D.Pa. Feb. 12, 2003). No single factor is dispositive and a weak showing on one factor may be offset by a strong showing on the other two. *Id.* at 496-97. The parties' beliefs and expectations regarding the relationship between the plaintiff and defendant are also relevant. *Graves,* 117 F.3d at 727-29; *See Myers v. Garfield & Johnson Enterprises, Inc*., 2010 WL 165867, *9 (E.D.Pa.2010)(concluding that plaintiff has alleged sufficient facts regarding the joint employment issue by indicating that the entities both set work rules and conditions and provided overlapping management to plaintiff).

In this case, Plaintiffs have alleged facts that, if proved, establish that Defendants MRC and Fund are joint employers for purposes of Title VII.

Specifically, Plaintiffs alleged that Defendant Fund is a "labor organization that hires, trains, arranges for pay, and subcontracts employees to companies to perform labor and construction services ***and which serves as a business unit of Defendant MRC***." See Plaintiffs' First Amended Complaint, at p. 3, ¶8, attached hereto as "Exhibit A." In

8

addition, Plaintiffs also pled that these entities have an interrelation of operations, common ownership or management, centralized control of labor relations and common ownership or financial controls. *Id.* at p. 3, ¶9. These facts, if proved, would tend to satisfy all three of the foregoing "joint employer" factors contemplated by the Third Circuit.

Thus, Plaintiffs have pled specific facts to demonstrate that Defendant MRC and Defendant Fund are Plaintiffs' joint employer and, as a result, Defendants' motion should be denied. Defendants' counsel attempts to provide the Court with his speculative understanding of whether Defendants are independent legal entities or not. Such unsupported assertions cannot be considered in deciding a 12(b)(6) Motion.

> **1. Plaintiffs have set forth specific claims against Defendants MRC and Fund upon which relief can be granted.**

Despite Defendants' argument to the contrary, Plaintiffs have set forth specific facts against Defendants MRC and Fund upon which relief can be granted. Specifically, in paragraphs 12-22 of the First Amended Complaint, Plaintiffs set forth a factual background regarding "Defendant entity's" discriminatory actions, including that Defendants gave male, non-black employees preferential job assignments over black females employees and gave Plaintiffs less work. Then, in Counts I –IV of the Complaint, Plaintiffs again set forth facts describing Defendant MRC and Defendant Fund's discriminatory actions, including treating Plaintiffs less favorably than male, non-black employees by refusing to give them work assignments, reducing their work hours and ostracizing them. These facts give rise to a claim upon which relief can be granted. As a result, Defendants' Motion should be denied.

### B. Plaintiffs have alleged a *prima facie* case of race and gender discrimination against all Defendants under both Title VII and §1981.

"The elements of employment discrimination under Title VII are identical to the elements of a section 1981 claim." *Schurr v. Resorts Int'l Hotel, Inc.,* 196 F.3d 486, 499 (3d Cir.1999). First, a plaintiff must establish a *prima facie* case of discrimination. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817.

The United States Supreme Court has instituted a burden shifting method to determine the viability of a discrimination claim under Title VII. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). First, a plaintiff must carry the initial burden of establishing a *prima facie* case of discrimination. This prima facie case will vary depending on the facts of the case. *Id.* at 802 n. 13, 93 S.Ct. at 1824 n. 13, 36 L.Ed.2d at 677-78 n. 13. Generally, a plaintiff must show that: 1) she is a member of a protected class; 2) she was qualified for the position in question; 3) the employer took some action adverse to the plaintiff; and 4) the same action was not taken with respect to persons not within plaintiff's protected class. *Id.*

In failure to hire cases, "[t]his may be done by showing (i) that she belongs to a racial minority; (ii) that she applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite her qualifications, she was rejected; and (iv) that, after her rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *McDonnell Douglas,* 411 U.S. at 802, *see also Hoechstetter v. City of Pittsburgh,* 248 F.Supp.2d 407, 409-410 (W.D.Pa.2003) and *Mock v. University of Pittsburgh at Johnstown,* 2007 WL 2253602, at

*20 (W.D.Pa.2007) applying this test in a failure to hire context.  The Supreme Court has not described the fourth element of a prima facie case so narrowly." *Helm v. Matrix Svc. Indus. Contractors,* 2008 WL 4889013, at * 11 n. 22 (E.D.Pa. Nov.12, 2008), *citing Pivorotto v. Innovative Systems, Inc.,* 191 F.3d 344 (3d Cir.1999); *see also McDonnell Douglas,* 411 U.S. at 802(stating, "[t]he facts necessarily will vary in Title VII cases, and the specification above of the prima facie proof required from [the plaintiff] is not necessarily applicable in every respect to differing factual situations").

The "central focus" of the *prima facie* case "is always whether the employer is treating some people less favorably than others because of their race, color, religion, sex, or national origin." *Sarullo,* 352 F.3d at 798.  Although plaintiff need not show a "precise kind of disparate treatment" by comparing him or herself to a similarly situated individual from outside plaintiff's protected class, plaintiff "must establish some causal nexus between his membership in a protected class" and the adverse employment decision complained of. *Id.* A plaintiff's subjective belief that race played a role in an employment decision is not, alone, sufficient to establish an inference of discrimination. *Jones v. United Parcel Service,* 214 F.3d 402, 407 (3d Cir.2000).  The *prima facie* case is not intended to be rigidly applied or difficult to show.  *E.E.O.C. v. Metal Service Co,.* 892 F.2d 341 (3d Cir. 1990).

Defendants assert that Plaintiffs fail to plead any facts that show they were qualified for their positions.  Plaintiffs' First Amended Complaint clearly provides, however, that they were hired and trained by Defendants and worked as journeymen carpenters during their employment.  Exhibit A at p. 4, ¶14-15, 17.  Such facts, if proved, could lead any reasonable fact-finder to conclude that because Defendant hired and

trained Plaintiffs and assigned them to work as journeymen, they were qualified for their positions. As a result, Defendants' strained arguments to dismiss Counts I, II and IV should de denied.

### C. Plaintiffs have alleged a *prima facie* case of retaliation under both Title VII and §1981.

Section 1981 retaliation claims are analyzed similarly to Title VII retaliation claims. *Cardenas v. Massey,* 269 F.3d 251, 263 (3d Cir.2001). To establish a prima facie case of retaliation a plaintiff must show that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. *Weston v. Commonwealth of Pa.,* 251 F.3d 420, 430 (3d Cir.2001).

Protected activity includes "formal charges of discrimination as well as informal protests of discriminatory employment practices, including making complaints to management." *Barber v. CSX Distribution Servs.,* 68 F.3d 694, 701-02 (3d Cir.1995). Once the plaintiff makes a prima facie case of retaliation, the employer must then produce evidence that it imposed the adverse employment action for legitimate reasons. *Moore v. City of Philadelphia,* 461 F.3d 331, 342 (3d Cir.2006). Like in the discrimination context, the plaintiff must then provide evidence that casts substantial doubt on the employer's reasons that would support a jury finding that the reasons are merely pretext for retaliation. *Id.*

While there is no bright line rule, the Supreme Court has defined an adverse employment action as "a significant change in employment status, such as failing to promote ... [or] reassignment with significantly different responsibilities." *Glenn v. Horgan Bros., Inc.,* WL 1503428 2005, at * 6 (E.D. Pa.), *quoting Burlington Indus., Inc.*

*v. Ellerth,* 524 U.S. 742, 761 (1998). Additionally, "[t]ransfers and reassignments without loss of pay, benefits or other direct or immediate economic consequences may often been deemed to have passed this objective threshold, and qualify as an adverse employment decision." *Id.* (citations omitted).

### 1. Constructive Discharge is an adverse employment action.

"A plaintiff who voluntarily resigns may assert a claim of constructive discharge when the employer's allegedly discriminatory conduct creates an atmosphere that is the constructive equivalent of a discharge." *Gray v. York Newspapers, Inc.,* 957 F.2d 1070, 1079 (3d Cir.1992)). "The resignation is treated as if it were an outright dismissal by the employer, rendering the resignation an 'adverse employment action,' which can serve as the basis for discrimination or retaliation claims." *Id.* (citing *Duffy v. Paper Magic Group, Inc.,* 265 F.3d 163, 167-68 (3d Cir.2001); *Aman v. Cort Furniture Rental Corp.,* 85 F.3d 1074, 1084-85 (3d Cir.1996)).

There is an objective threshold that must be crossed, *prima facie*, by plaintiff in a constructive discharge case: the employer's action must make working conditions so unpleasant or intolerable that a reasonable person in the employee's shoes would resign. *Glenn v. Horgan Bros., Inc.,* WL 1503428, 2005 at * 6.

In their Motion, Defendants assert that Plaintiffs complaint fails to assert any facts demonstrating an adverse employment action. Paragraph 32 of Plaintiffs' First Amended Complaint, however, clearly provides that Plaintiffs were constructively terminated by having their hours and work assignment reduced and/or stopped. Exhibit A at p. 5, ¶32. Thus, Plaintiffs clearly allege facts supporting their claim that they were constructively discharged by Defendants. These facts support their claim that they

13

suffered an adverse employment action. As a result, Defendant's Motion regarding Counts III and IV should be denied.

### 2. A reduction of hours and/or work assignments can constitute an adverse employment action.

A reduction in hours constitutes a tangible employment action, subjecting an employer to liability, should the retaliation be proven. *Lidwell v. University Park Nursing Care Center,* 116 F.Supp.2d 571, 584 (M.D.Pa. 2000); *See Mock v. Northampton County Sheriff's Dept.*, 2008 WL 2996714, *8 (E.D.Pa.2008)(concluding that a "reduction of hours or the imposition of disciplinary action prompted by a plaintiff's sex would qualify as an adverse employment action as it could deprive that plaintiff of employment opportunities or affect her status as an employee"); *See Klimczak v. Shoe Show Companies,* 420 F.Supp.2d 376 (M.D.Pa.2005)(finding that a reduction in hours can constitute an adverse employment action).

In their First Amended Complaint, Plaintiffs specifically allege that they complained about discrimination and suffered reduced hours and job assignments as a result. Exhibit A at p. 4, ¶22 and ¶32. Thus, Plaintiffs have clearly alleged facts that establish an adverse employment action necessary to prove a retaliation claim. As a result, Defendants' Motion to Dismiss Plaintiffs' retaliation claims must be denied.

### 3. Being subjected to reduced hours and work assignments and being ostracized as a result of making complaints of discrimination might "well dissuade a reasonable worker from making or supporting a charge of discrimination."

In *Burlington Northern & Santa Fe Railway Co. v. White,* 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006), the United States Supreme Court made clear that an employee has an actionable claim for retaliatory harassment even in the absence of an

14

adverse employment action. "[T]he anti-retaliation provision, unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment." *Id.* at 2412-2413. While normally petty slights, minor annoyances, and simple lack of good manners will not create a legally cognizable hostile work environment claim, Title VII does provide a cause of action against retaliation which is likely to "deter victims of discrimination from complaining to the EEOC, the courts, and their employers." *Id.* at 2415.

Thus, the adverse action by the employer need not be limited to "ultimate employment decisions", or even to action taking place at the workplace. It need not be severe or pervasive enough to show a hostile work environment. *See Moore v. City of Philadelphia,* 461 F.3d 331, 341 (3d Cir.2006). Rather, it is enough if the employer action is that which a reasonable employee would have found to be "materially adverse", i.e., ***if it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."*** *Id. at 68*; *See also Capilli v. Nicomatic*, 2008 WL 4140398, *12 (ED Pa. 2008)(finding that a jury might conclude that a supervisor's trying to persuade a friendly co-worker that a complaint-filer was a liar, a troublemaker and crazy would dissuade a reasonable worker from pursuing her charge of a discrimination).

In addition to being tangible job losses, the reduced hours, work assignment and ostracism Plaintiffs suffered also constitute adverse employment actions because they might well dissuade a reasonable worker from making or supporting a charge of discrimination. Any reasonable fact-finder could conclude that the Plaintiffs' allegations, specifically set forth in paragraphs 22, 32 and 35 of their First Amended Complaint, if

15

proved, might well dissuade a reasonable worker from making a charge of discrimination. As a result, Defendants' 12(b)(6) Motion must be denied.

### III. CONCLUSION

    For the foregoing reasons, Plaintiffs Butt, King and Mitchell respectfully request that this Honorable Court Deny Defendants' Motion to Dismiss in its entirety.


                Respectfully Submitted,

                **KARPF, KARPF, VIRANT & SWARTZ**


                */s/ Jeremy M. Cerutti*
                Jeremy M. Cerutti
                3070 Bristol Pike
                Building 2; Suite 231
                Bensalem, PA 19020
                Attorney for Plaintiffs

Dated: February 26, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHENECQUA BUTT | : | |
| and | : | CIVIL ACTION |
| ALLEGRA KING | : | No.: 09-4285 |
| and | : | |
| TANYA MITCHELL | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED BROTHERHOOD OF | : | |
| CARPENTERS & JOINERS OF | : | |
| AMERICA | : | |
| and | : | |
| CARPENTERS HEALTH & WELFARE | : | |
| FUND OF PHILADELPHIA & VICINITY | : | |
| and | : | |
| EDWARD CORYELL | : | |
| and | : | |
| MARK DURCKLEC | : | |
| | : | |
| Defendants. | : | |
| | : | |

## CERTIFICATE OF SERVICE

I certify on the date set forth below, that I served Defendants with Plaintiffs' Response to Defendants' Motion to Dismiss via ECF at the following address:

Marc Gelman, Esq.
Jennings Sigmund, P.C.
510 Walnut Street, 16th Floor
Philadelphia, PA 19106


**KARPF, KARPF, VIRANT & SWARTZ**


*/s/ Jeremy M. Cerutti*
Jeremy M. Cerutti

Dated: March 1, 2010