# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHENECQUA BUTT, et al. | : | CIVIL ACTION |
| v. | : | |
| UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA, et al. | : | NO. 09-4285 |

## MEMORANDUM

**Baylson, J.** May 19, 2010

In this employment discrimination case, Plaintiffs have filed a First Amended Civil Action Complaint and Defendants have filed a Motion to Dismiss (Doc. No. 15) to which Plaintiffs have responded (Doc. No. 16).

The gist of the Motion in general is that the Complaint does not have sufficient facts to satisfy the pleadings standards under Rule 8, F. R. Civ. P. The Court disagrees because notice pleading is sufficient and fact pleading is not required. The recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, requiring plausibility in an antitrust case, even if applicable to the present case, does not mandate dismissal. Plaintiffs' claims are plausible if they were discriminated against by defendants.

Further, in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the court dismissed a complaint charging civil rights violations against high-ranking government officials who had claimed qualified immunity – a factual context that does not exist in this case. The Court is unwilling to extend the dictum of the Iqbal decision to the present case.

However, Defendants' Motion does raise one valid point. Plaintiffs have sued both the

United Brotherhood of Carpenters & Joiners of America, a labor union, and also its Health & Welfare Fund, and makes allegations against both of them in the Complaint as "Defendant entities." Defendants make a valid point that these are two separate entities and assert that Plaintiffs do not allege the Fund was involved in any of the employment practices complaint by the Plaintiffs. The Court will require Plaintiffs, if they deem it necessary to continue this action against the Health & Welfare Fund, to file a Second Amended Complaint, within fourteen (14) days, alleging specific facts that the Fund is responsible for the wrongful actions alleged, keeping in mind the substantive principles of employment law.

An appropriate Order follows.

O:\CIVIL 09-10\09-4285 Butt v. United Brotherhood\Butt v. United - Memo Mot Dismiss.wpd